## ROBERTS, Appellant, v. BEST et al.

### Division One, February 18, 1903.

1. **Subrogation:** VOLUNTARY PAYMENTS. Mere volunteers or stran-
   gers have no right of subrogation for payments of claims against an
   estate. It is a universal rule that before the equitable doctrine of
   subrogation can be invoked to reimburse one for money expended in
   the extinguishment of a debt, lien or charge upon lands, the pay-
   ment must have been made by one who at the time had, or in good
   faith supposed he had, an interest in discharging the debt, such an
   interest as would be threatened or imperiled by the debt unless dis-
   charged.

2. ————: ————: SALE TO PAY DECEDENT'S DEBTS: PURCHASER: UN-
   SERVED CO-TENANTS. The purchaser at the commissioner's sale, made
   under a decree rendered in a subrogation suit brought by the ad-
   ministrators who out of their own funds paid debts against deced-
   ent's estate, of lands belonging to the estate sold to reimburse
   the administrators, is a volunteer, unless he has some interest in
   the land which is involved in the sale, and consequently neither
   such purchaser nor his subsequent grantees can be subrogated to
   the right of so many of decedent's heirs as were served with pro-
   cess in the subrogation suit to have those not served contribute their
   ratable share of the administrators' claim. The heirs of decedent
   whose interests in the land were sold could compel contribution from
   those who were not made parties to the suit under which it was
   sold, but the purchaser at the commissioner's sale has no right to
   compel such contribution.'

Appeal from Clark Circuit Court.—*Hon. E. R. Mc-
Kee*, Judge.

REVERSED AND REMANDED.

*W. T. Rutherford* and *J. W. Howard* for appellant.

(1) In the petition of the plaintiff administrators
in the subrogation proceeding instituted by them, it
appears that plaintiff was not a party thereto, and it
stands admitted by defendants that she was not a party

thereto nor served with process; therefore the court did not acquire jurisdiction of the person of plaintiff, and did not have any power or authority to charge her lands with any lien in favor of the administrators in the subrogation suit. Campbell v. L. G. L. Co., 84 Mo. 366; State v. St. Louis, 1 Mo. App. 503; Brown v. Woody, 64 Mo. 550; Adams v. Cowles, 95 Mo. 507; Blodgett v. Schoeffer, 94 Mo. 671; Higgins v. Beckwith, 102 Mo. 462; Railroad v. Campbell, 62 Mo. 588; Hull v. Cavanaugh, 6 Mo. App. 143; Payne v. Masek, 114 Mo. 638; Fischer v. Siekmann, 125 Mo. 165. (2) Plaintiff not having been a party to the subrogation proceedings instituted by the administrators, the decree rendered by the court therein creating and establishing a lien in favor of the administrators did not, nor could not, affect plaintiff's interest in the lands charged with the lien, and the decree so rendered by the court is absolutely void as to plaintiff, and she may attack it collaterally. Hewitt v. Weatherby, 57 Mo. 278; Ray Co. v. Barr, 57 Mo. 291; McLaughlin v. Bank, 60 Mo. 437; Adams v. Cowles, 95 Mo. 507; Covington v. Chamblin, 156 Mo. 574; Lanee v. Garbee, 105 Mo. 359; Gravis, Trustee, v. Ewart, 99 Mo. 13; Fithian v. Mouks, 43 Mo. 520; Clark v. Bettelheim, 144 Mo. 258; Janney v. Spadden, 38 Mo. 402; Tourville v. Railroad, 61 Mo. App. 527; Fischer v. Siekmann, supra; Westmeyer v. Gallenkamp, 154 Mo. 28. (3) The decree rendered in the subrogation proceedings instituted by the administrators and the sale had thereunder was neither void nor irregular. The proceedings under which the sale took place assumed to reach only the interests of parties who were before the court, and they were effectual in reaching and subjecting such interest to the charge of the creditors' lien. Plaintiff was not a party to the proceeding, and defendant has no right to this equity. Burden v. Johnson, 81 Mo. 324. (4) In order to invoke the equitable doctrine of subrogation the payment must be made by one who really has an interest in discharging the demand which he pays; otherwise there will be no subrogation. Sheldon on Subrogation (Ed. 1882), p. 367,

sec. 245; 24 Am. and Eng. Ency. of Law (1 Ed.), p. 281. (5) The right of subrogation must be enforced within the time prescribed as a limitation to the enforcement of simple contracts, for this merely equitable right will not be enforced at the expense of a legal one. 24 Am. and Eng. Ency. of Law (1 Ed.), p. 322; Perry v. Craig, 3 Mo. 516; Bauer v. Gray, 18 Mo. App. 173; Hoester v. Summelman, 101 Mo. 619; Bank v. Bank, 107 Mo. 133; Rogers v. Brown, 61 Mo. 187.

*Charles Hiller, Berkheimer & Dawson* and *Blair & Marchand* for respondents.

The court did not err in holding that the purchaser at the sale of the lands made by the commissioner, Mrs. Lucy T. Bartlett, was entitled to be subrogated to the rights of the creditors, whose debts the money paid by her for the land paid off and discharged the charges on the lands bound for the payment of the debts the purchase money paid. Cary v. West, 139 Mo. 146; Henry v. McKerlick, 78 Mo. 416; Valle's Heirs v. Flemming's Heirs, 29 Mo. 152; Jones v. Manley, 58 Mo. 264; Evans v. Snyder, 64 Mo. 516; Snider v. Coleman, 72 Mo. 568; Sheldon on Subrogation (2 Ed.), sec. 31, p. 51. Subrogation is a legal fiction by force of which an obligation extinguished by payment made by a third person is treated as subsisting for the benefit of such third person, so that by means of it one creditor is substituted to the rights, remedies, securities of another. Clark v. Bank, 57 Mo. App. 277. It rests on the basis of mere equity and is resorted to for the purpose of doing justice between the parties. Moore v. Lindsey, 52 Mo. App. 474; Frenold v. Bank, 44 Mo. 336; Sheldon on Subrogation (2 Ed.), sec. 4, p. 5; Davis v. Schimelman, 50 N. E. 373; Allen v. Perine, 45 S. W. 500. The rights of Mrs. Lucy T. Bartlett vested in all of the subsequent grantees of the same lands holding by deeds of general warranty. A deed of lands operates as an assignment to the grantee of all rights and defenses concerning the title or possession which belonged to his grantor. Fink v. Henderson, 19 So. 892. A remote grantee, when evicted,

may sue one or all of the grantors in line of title, who conveyed with covenants of warranty, until he has obtained satisfaction. 1 Jones, Real Estate Conveyancing, secs. 936, 939; Crooks v. Jewell, 29 Me. 527; Crissfield v. Storr, 36 Md. 129; Wilson v. Taylor, 9 Ohio St. 595; King v. Kerr, 5 Ohio 154; Claycomb v. Munger, 51 Ill. 373; Cummings v. Harrison, 57 Miss. 275. Where a deed is given containing the statutory covenants and possession accompanies the deed, the covenant will enure to the benefit of the subsequent transferee. Dickson v. Desire, 23 Mo. 157. A purchaser will be subrogated to all of the rights of his vendor in the property. Sheldon on Subrogation (2 Ed.), sec. 34, p. 54; Chicago v. Tibbits, 104 U. S. 120; McKeag v. Ins. Co., 81 N. Y. 39; Sickles v. Flamigin, 79 N. Y. 224; Thompson v. Kenyon, 100 Mass. 108; Ruggles v. Barton, 13 Gray 506; Butler v. Barnes, 60 Conn. 170; Loomis v. Knox, 60 Com. 343; Murphy v. Adams, 71 Me. 113; Logan v. Taylor, 20 Iowa 297; Kemp v. Kemp, 83 N. C. 491; Chambers v. South, 23 Mo. 174; McGuire v. Riggin, 44 Mo. 512; Barnard v. Duncan, 38 Mo. 170; Sheldon on Subrogation (2 Ed.), sec. 28. A covenant of seizen in this State is more than a covenant in the present tense. It is a covenant of indemnity and runs with the land to the extent that if the covenantee takes any estate, however defeasible, or if possession accompanies the deed, though no title passes, yet in either event the covenant runs with the land and inures to the subsequent grantee who sustains the loss. Allen v. Kennedy, 91 Mo. 324; Walker v. Deaver, 79 Mo. 664; Winningham v. Pennock, 36 Mo. App. 688; Foot v. Clark, 102 Mo. 394; Lananberg v. Heer Dry Goods Co., 74 Mo. App. 12; Eagan v. Martin, 71 Mo. App. 60. In answer to the point made by the appellant, "that the right of the respondent to be subrogated was barred by the statute of limitations," we answer that this right to be so subrogated did not attach until he had been damnified by being compelled to pay in order to save his estate. Sheldon on Subrogation (2 Ed.), sec. 110, p. 160; Rittenhouse v. Levering, 6 Watts & Serg. (Penn.) 190;

Joyce v. Joyce, 1 Bush (Ky.) 474; Rucks v. Taylor, 49 Miss. 552; Krider v. Isenbice, 123 Ind. 10; Bledso v. Nixon, 68 N. C. 521; Simpson v. McPhail, 17 Ill. App. 499. No subrogation to lien barred by lapse of time. Sheldon on Subrogation (2 Ed.), sec. 176, p. 268.

ROBINSON, J.—Suit in ejectment for an undivided one-fourth interest in 120.17 acres of land in Clark county in this State. Plaintiff claims the land as an heir at law of one William Bartlett, her deceased father. Defendant's answer to plaintiff's petition is, first, a denial that plaintiff has any title to the land; then an equitable count is interposed in which the following allegations of fact are made:

"That plaintiff's ancestor, William Bartlett, was at his death the owner of the land in suit, together with other land and a large amount of property; that said Bartlett at the time of his death was largely indebted to divers persons, firms and corporations; that administration was had on his estate and that one John Roberts (the husband of the appellant), and Henry Bartlett, were duly appointed, qualified and acting administrators of his estate; that all of the debts and claims against the estate of said Bartlett were duly probated against said estate and judgment rendered thereon, which were liens against his estate; that the personal property belonging to his estate was exhausted in the payment of said claims and was insufficient to fully pay off and satisfy said allowed claims against his estate; that from time to time under orders from the probate court of said county real estate was sold for the purpose of paying said claims, and the proceeds thereof were applied to the payment of the same; that the said administrators, believing that there was enough personal property with the real estate already sold to pay off and discharge the indebtedness of the estate as allowed by said court, in good faith out of their own money paid off and discharged a large amount of the indebtedness of said estate as allowed by said court,

and made settlement of said estate, which was approved; that afterwards these administrators commenced a suit in the circuit court of this county, asking to be subrogated to the rights of the creditors of said estate whose claims they had paid, and that the lands still remaining belonging to said estate be sold to satisfy such subrogated claims, which were the lands mentioned and described in the petition of the appellant; that afterwards in said cause in said court said administrators recovered a judgment and decree subrogating them to all the rights of the creditors of said estate whose demands they had paid off and satisfied, and that the lands be sold for the payment thereof; that afterwards the said lands were sold in pursuance of and in obedience to said decree by a commissioner appointed by said court in said decree, and that one Lucy Bartlett purchased said lands at said sale, paid the purchase money thereof, which purchase money was paid to said administrators in full satisfaction of their claims found by said decree; that afterwards the circuit court in all things approved said sale and all of the acts of the commissioner in that behalf; that said commissioner made, executed and delivered a deed to said lands, conveying the same to said Lucy T. Bartlett, the lands mentioned in the petition; that said Lucy T. Bartlett, by deed of general warranty, dated April 11, 1888, conveyed said lands to Lucy F. Selby and Joseph Selby, her husband; that Joseph Selby by deed of general warranty conveyed his undivided one-half interest in said lands to said Lucy T. Bartlett, dated April 24, 1888; that said Lucy T. Bartlett, by deed of general warranty, dated April 25, 1888, conveyed to Lucy Selby the lands mentioned and described in the petition; that on May 1, 1891, said Lucy F. Selby and her husband, Joseph Selby, by deed of general warranty, conveyed said lands to one Lizzie Barnett, consideration six thousand dollars; that said Lizzie Barnett, with her husband, by a deed of general warranty, dated February 22, 1892, conveyed said lands to this defendant, Benjamin Best, consideration, six thousand dol-

lars; that each and all of the grantees held the possession of said lands under and by virtue of the deed aforesaid, and the defendant, Best, at the date of his deed, took possession of said lands and was at the time of the commencement of this suit in possession of the same under his said deed; that by reason of the premises said defendant is subrogated to the rights of his prior vendors and is entitled to be subrogated to the rights of the creditors of said estate, to-wit, the said John Roberts and Henry Bartlett, and he asks to be subrogated.''

The defendant also filed a third count in his answer, setting up estoppel, and, fourth, a count setting up advancements made by William Bartlett in his lifetime to the plaintiff, the particulars of which last two counts, however, are of no concern in this appeal, since upon them the court found for the plaintiff, as it also did upon the issues presented in the first count.

To the second count of defendant's answer plaintiff's reply was (and the facts on this appeal admit it to be true) that plaintiff was not made a party defendant in the subrogation proceeding which resulted in the sale of this land and its purchase by Lucy T. Bartlett (through whom defendant claims the land). As the issues raised by the third and fourth counts of defendant's answer were found against him by the trial court, its detail now is of no concern on this (plaintiff's) appeal from the finding of the trial court in defendant's favor, on the issue raised by the second count of his answer. The trial court also found for the plaintiff upon the issue tendered in the first count of defendant's answer, and, as above indicated, found for the defendant on the second count, and rendered its decree accordingly. This appeal is prosecuted by the plaintiff, from the action of the trial court in this regard.

As the decree rendered in the case discloses so fully both the facts found and the theory upon which the case was tried and considered below, it will be here inserted, and is as follows:

''Now at this day comes the plaintiff herein by her

attorneys, W. T. Rutherford and J. W. Howard, and the defendants by their attorneys, Charles Hiller, Berkheimer & Dawson, and Blair & Marchand, and this cause coming on to be heard upon the answers returned by the jury to the interrogatories heretofore submitted to them by the court, and the motion of the plaintiff to disregard the findings aforesaid and make a finding and enter a decree and judgment for plaintiff in accordance with the prayer of her petition; and the court being fully advised in the premises doth find that the plaintiff was on the first day of February, 1899, entitled to the possession of the undivided one-fourth of the following described lands and premises situated in Clark county, Missouri, to-wit: Two and seventeen-hundredths acres, beginning at a point on the north line of section twenty-nine, township sixty-five, range six west, eleven chains east of the northwest corner of the east half of the northwest quarter of said section twenty-nine, and running thence south seven and twenty-five one-hundredths chains; thence east three chains; thence north seven and twenty-five one-hundredths chains; thence west three chains, to the place of beginning, and being in the north part of the east half of the northwest quarter of said section twenty-nine. The south half of the south half of the southwest quarter of section twenty; and fifty-two acres off of the north end of the northeast quarter of section twenty-nine; and twenty-six acres off of the north end of the west half of the northwest quarter of section twenty-eight; and twenty-six acres off of the north end of the east half of the northwest quarter of section twenty-nine; all in township sixty-five, range six west. The court further finds that plaintiff being entitled to the undivided one-fourth part of said lands and premises as aforesaid, defendant Benjamin B. Best afterwards on the — day of ——, 1899, entered into possession of said lands and premises and unlawfully withholds from plaintiff the possession thereof to her damage in the sum of one cent, and that the monthly rents and profits of the undivided one-fourth part of said lands and premises is $6.25. It is therefore con-

sidered, adjudged and decreed by the court that plaintiff recover of defendant the possession of the undivided one-fourth part of the lands and premises hereinbefore mentioned and described, together with the sum of one cent for her damages aforesaid, assessed by the court, and also the sum of $6.25 per month, the monthly value of the rents and profits of said lands and premises until the said plaintiff be restored to the possession of the said lands and premises, and the court doth further order that an execution issue to restore to the said plaintiff the possession of said lands and premises, and for her damages and the value of the monthly rents and profits aforesaid and for her costs in this behalf laid out and expended.

"The court further finds that one William Bartlett departed this life on the — day of March, 1876, leaving as his sole heirs at law his widow, Lucy T. Bartlett, his two sons, Richard F. Bartlett and Henry C. Bartlett, his two daughters, Louisa A. Roberts, this plaintiff, who in the year 1858 intermarried with one John Roberts, and Lucy F. Morris, the wife of Simpson J. Morris, and since intermarried with Joseph Selby, and that said Richard F. Bartlett departed this life at Clark county, Missouri, on the — day of March, 1877, leaving as his sole heirs at law his son William F. Bartlett and his daughter Hattie Bartlett. The court further finds that said William Bartlett, deceased, was at the time of his death the owner of a large amount of real and personal property situated in Clark county, Missouri, and that on April 19, 1876, said Henry C. Bartlett and John Roberts were by proper proceedings had in the probate court of Clark county, Missouri, duly appointed administrators of the estate of the said William Bartlett deceased, filed their bond and took upon themselves the administration of said estate. The court further finds the said deceased was at the time of his death largely indebted to divers persons, partnerships and corporations, and that all of the debts due and owing by decedent at the time of his death were presented to and allowed by the probate court of said county as demands

against said decedent's estate. The court further finds that said administrators sold all of the personal property belonging to said estate and applied the proceeds thereof to the payment of said allowed demands. The court further finds that Lucy T. Bartlett, widow of deceased, on August 14, 1877, and at the August term, 1877, of the probate court of Clark county, Missouri, filed her petition in said court alleging among other things that she was the widow of said William Bartlett, deceased, who died the owner in fee of the lands and premises hereinbefore mentioned and described in her petition, and praying the court to appoint three commissioners, resident householders of said Clark county, Missouri, to first set out to her a homestead in said lands and premises, and then to assign and set off to her dower in the residue thereof; and that afterwards, to-wit, on August 14, 1877, and at the ·August term, 1877, of said probate court, said court made an order of record duly appointing Henry C. Campbell, Joseph Z. Barnett and Oscar F. Ensign, commissioners to set off the homestead and assign the dower of said Lucy T. Bartlett in the lands mentioned and described in her petition therefor. The court further finds that afterwards on November 12, 1877, and at the November term, 1877, of said probate court, said commissioners, appointed as aforesaid, made and filed in said court their report, setting out and assigning to said Lucy T. Bartlett as and for her dower and homestead interest in the lands and premises of which the said William Bartlett died seized, and being the lands and premises hereinbefore mentioned and described, and it appearing to the court that said commissioners had proceeded according to law and the order of the court in reference thereto, their said report was by said probate court in all things duly approved and confirmed. The court further finds that the personal property belonging to said estate being insufficient to pay off and discharge all of the indebtedness and allowed demands against said estate, said administrators for the purpose of paying off the same under various orders of the probate

court of said county sold all of the real estate belonging
to said decedent at the time of his death, save and ex-
cept the lands and premises hereinbefore mentioned
and described, and applied the proceeds thereof to the
payment of said allowed demands. The court further
finds that before the October term, 1884, of the circuit
court of Clark county, Missouri, said administrators
filed their petition in said court, returnable to said Oc-
tober term thereof, alleging among other things that
theretofore on the —— day of ——, 18 ——, they had as
such administrators in good faith and for the benefit
of said estate and not officiously and voluntarily
paid off with their private funds debts due by decedent
at the time of his death and which had been duly al-
lowed as demands against said estate to the amount
of $1,716.95, and that the object and general nature of
said suit was to obtain a decree of said court subrogat-
ing them to the rights of the creditors whose claims they
had so paid off and discharged and praying for a de-
cree of the court declaring an equitable lien against the
lands hereinbefore mentioned and described and that
said lands or so much thereof as might be necessary
be sold, subject, however, to the homestead and dower
interest of said Lucy T. Bartlett, for the purpose of sat-
isfying said decree and costs. The court further finds
that all of the heirs of said William Bartlett, deceased,
were made parties to said suit and served with pro-
cess therein except this plaintiff, and that all of the
heirs so served with process as aforesaid appeared
in said court and filed their answers therein to the pe-
tition of said plaintiff administrators. The court fur-
ther finds that on October 20, 1887, plaintiffs in said
suit obtained a decree in said suit subrogating them to
the rights of the creditors of said estate whose claims
they had so paid off and discharged, declaring the same
an equitable lien against all lands and premises herein-
before mentioned and described, subject, however, to
the homestead and dower interest of said Lucy T. Bart-
lett therein, and that Charles Hiller was appointed a
commissioner to sell said lands as lands are sold under

execution, and out of the proceeds thereof pay the costs of the proceedings therein, including his commission therefor, and next pay plaintiff's claim of $1,977.06, with six per cent interest per annum from the date of said decree, and pay the balance, if any, into court; and that said commissioner in pursuance of said decree did sell, subject to the homestead and dower interest of said Lucy T. Bartlett therein, all of the right, title and interest of the said Lucy F. Morris, William F. Bartlett and Hattie Bartlett, John Roberts and Henry C. Bartlett in and to the lands and premises hereinbefore mentioned and described.     The court further finds that said sale was had and held on April 11, 1888, and at said sale Lucy T. Bartlett became the purchaser thereof and received a deed therefor from said commissioner conveying to her all the right, title and interest of John Roberts, Henry C. Bartlett, Lucy F. Morris, William F. Bartlett and Hattie Bartlett in and to said lands, paying therefor the sum of $2,225, and that afterwards said Lucy T. Bartlett, on April 11, 1888, by her deed of general warranty, duly executed, acknowledged and delivered, for a purported consideration therein expressed of one thousand and twenty-five dollars, conveyed said lands to her daughter, Lucy F. Selby and her husband Joseph Selby, and reserving unto herself a life estate in and to the lands and premises so conveyed as aforesaid, and that afterwards said Joseph Selby on April 24, 1888, by his deed of general warranty, duly executed, acknowledged and delivered, for a purported consideration of one dollar therein expressed, conveyed his undivided one-half interest in said lands to said Lucy T. Bartlett and subject to the life interest of the said Lucy T. Bartlett therein as aforesaid, and that afterwards, to-wit, on April 25, 1888, said Lucy T. Bartlett by her deed of general warranty, duly executed, acknowledged and delivered, for a purported consideration therein expressed of one dollar, conveyed to her daughter Lucy F. Selby, all her right, title, claim and interest in and to said lands, including her life estate reserved in her former deed, so that said Lucy F. Selby

shall own said land herein described in fee simple.   The
court further finds that afterwards, to-wit, on May 1,
1891, said Lucy F. Selby, with her husband Joseph
Selby, by their deed of general warranty, duly ex-
ecuted, acknowledged and delivered, for a purported
consideration therein expressed of six thousand and
eight hundred dollars, conveyed said lands to Lizzie
Barnett, together with forty acres of other lands, and
that on February 22, 1892, said Lizzie Barnett, with her
husband Gurden C. Barnett, by their deed of general
warranty duly executed, acknowledged and delivered,
conveyed said lands, together with forty acres of other
lands to Benjamin B. Best, this defendant, for a pur-
ported consideration therein expressed of eight thou-
sand dollars.   The court further finds that on April 25,
1888, said Lucy F. Selby went into possession of said
lands and premises, and that she and her grantees have
ever since been in possession thereof, including this
defendant Benjamin B. Best, who is now in possession of
said lands and premises.   The court further finds that
on May 13, 1888, Henry C. Bartlett and John Roberts,
administrators as aforesaid, filed in the probate court
of Clark county, Missouri, their final settlement in the
estate of William Bartlett deceased, together with proof
of notice thereof, showing a balance due said admin-
istrators of $214.55, which said settlement was by said
court duly approved and said administrators duly dis-
charged, and that said Lucy T. Bartlett, widow of Wil-
liam Bartlett, deceased, departed this life at Clark
county, Missouri, on the —— day of May, 1896.   The
court further finds that said commissioners in the deed
made to said Lucy T. Bartlett in describing part of the
lands so conveyed made a mistake in the description
thereof, as follows:   The lands intended to be conveyed
by said deed and which were mentioned and described
in said decree to be sold are described as follows, to-wit,
twenty-six acres, the north end of the east half of the
northwest quarter of section twenty-nine, township
sixty-five, range six west, in Clark county, Missouri.
The court further finds that said Lucy T. Bartlett,

grantee of said commissioner Charles Hiller, by the payment of the purchase money as aforesaid by her for said lands and premises, is entitled to be subrogated to plaintiff's proportion of the debts paid off by her purchase of said lands, and that said Lucy F. Selby and her husband Joseph Selby are entitled to be subrogated to the rights of their grantor, Lucy T. Bartlett, by virtue of said Lucy T. Bartlett's deed of general warranty, and that Lizzie Barnett by virtue of her deed of general warranty from said Lucy F. and Joseph Selby is entitled to be subrogated to the rights of her grantors for the proportion of the debt for which their grantor was subrogated, and that this defendant Benjamin B. Best is entitled by virtue of his deed to be subrogated to the rights of his grantors, Lizzie Barnett and Gurden C. Barnett, for the proportion of the debts of said estate paid by their purchase money, and the court finds that plaintiff should be charged with the sum of $494.26, together with six per cent interest thereon from April 11, 1888, until paid; also for one-fourth of the taxes levied and assessed against said lands and premises in the sum of――――dollars for the years, 1896, 1897, 1898, 1899, and thereafter, and that defendant pay to plaintiff one-fourth of the monthly rents and profits of said lands and premises which is three hundred dollars per year, leaving the amount due defendant from plaintiff the sum of five hundred and fifteen dollars and eighty-five cents, together with interest thereon at the rate of six per cent per annum. It is therefore considered, adjudged and decreed by the court that the said sum of $515.65 be declared an equitable lien on the undivided one-fourth interest of plaintiff in the lands and premises hereinbefore mentioned and described and that the payment of said sum be declared a condition precedent to plaintiff's right of recovery herein.

"And the court further finds for the plaintiff and against the defendant on the plea and defense of the estoppel as pleaded in the third count of defendant's first amended answer.

"The court further finds for plaintiff and against the defendant on the plea of defense of advancements as pleaded in the fourth count of defendant's first amended answer."

Was this decree, upon the facts pleaded and found to be true by the trial court, warranted? This is the sole question for determination on this appeal. Though not questioning the first proposition urged by respondent, that a deed conveying land operated as an assignment to the grantee therein of all rights and defenses concerning the title and possession, which the grantor had or enjoyed, or that the covenants of a deed will inure to the benefit of any subsequent transferee where possession of the land conveyed accompanied the delivery of the deed, and while also recognizing the correctness of the general proposition asserted by respondent that a purchaser of real estate who has extinguished an incumbrance, lien or charge thereon, may be subrogated to the rights of the party holding or entitled to said incumbrance, lien or charge under proper conditions, it is appellant's contention that those essential conditions are not present in the facts of this case. Not only must the purchaser have, by his payment made, extinguished an incumbrance or charge upon the real estate purchased, but before he can be subrogated to the rights of the party holding such incumbrance, lien or charge, the purchaser must be able to show that his or her payment was made, as either the result of compulsion, or for the protection of some interest he or she had in the property that was threatened or imperiled by the incumbrance, lien or charge. The rule is universal, that before the equitable doctrine of subrogation can be invoked to reimburse one for money expended in the extinguishment of a debt, lien or charge upon lands, the payment must have been made by one who at the time had, or in good faith supposed he had, an interest in discharging the demand. Mere volunteers or strangers have no such right.

If this be so, where then stands defendant, whose

Vol 172 mo—6.

only interest in the land in suit is that derived by mesne conveyances from Lucy T. Bartlett, who at the commissioner's sale under a decree rendered in the subrogation proceeding, instituted by the administrator of the estate of William Bartlett, deceased (against all the heirs of said William Bartlett except this plaintiff), became its purchaser. In the purchase of the land by Lucy T. Bartlett at the commissioner's sale under the proceedings above mentioned she was not only a volunteer, but she had no interest to protect, no rights that were threatened or in anywise impaired by the lien or charge upon the land to be sold. By the decree in that proceeding, as disclosed by the recitation of the facts in the present decree, the land was ordered sold subject to the homestead and dower interest of said Lucy T. Bartlett, and it was so sold. Not only was Lucy T. Bartlett a volunteer buying at a sale where she had no interest to protect, but she got by her purchase, at said commissioner's sale, all the interest in the land owned by the heirs of William Bartlett, deceased, who were made parties defendant in the subrogation proceedings begun by the administrators of said estate. That sale was neither void, irregular nor defective, and the commissioner's deed, made in consummation thereof, was in all things regular and formal.

By that deed Lucy T. Bartlett got all the land that was offered for sale and all interests therein that could be sold, and the money paid therefor by her was used to discharge the claim which the administrators of the estate of William Bartlett, deceased, had caused to be charged against the interests of plaintiff's brothers and sisters in the land in question, and none other. As plaintiff's brothers and sisters, whose interest alone in this land was sold, have made no complaint because plaintiff's interest in the land was not also sold, or because she had not contributed her part to help discharge this lien established against lands in which she and they had a common interest, it is not in the mouth of defendant, whose only claim to the land is that derived from Lucy T. Bartlett, to do so now. Defendant's grantor,

Lucy T. Bartlett, got by her deed all that was authorized to be sold under the decree empowering the commissioner to act, the interest that plaintiff's brothers and sisters held in the land of their deceased father, William Bartlett, but not the right that came to them, as a result of that sale, to-wit, the right to have their sister, the plaintiff herein, contribute to them for what they were compelled to give up to relieve lands from a burden, which she in common·with them should have borne.

From any and every possible view this case may be considered, there appear facts to make the doctrine of subrogation invoked by defendant inapplicable and to show the decree rendered unauthorized. Though Mrs. Lucy T. Bartlett had a homestead and dower interest in the land sold by the commissioner under the decree in the subrogation proceedings of the administrators against the brothers and sisters of plaintiff, at which sale she became the purchaser, that interest was in no way involved at that sale, for by the express terms of the decree in that proceeding, the land was ordered to be sold subject to the homestead and dower interest of said Lucy T. Bartlett therein, and so far as concerns her purchase at that sale, she is held and treated as any outsider or mere stranger. ·Not only should she be treated as a mere stranger, but she got all she contracted to buy at said sale; all that the money expended by her at the time was intended to pay for, to-wit, the interest of plaintiff's brothers and sisters (the defendants in that proceeding) in the land sold by the commissioner. And in the disposition of this fund in the hands of the commissioner, as the result of the sale of the land in question, to Mrs. Bartlett, the commissioner was in no sense the agent or representative of Mrs. Bartlett. Its use or misuse by him could not in the least involve or affect her, or the interest in the land purchased by her.

The money received by the commissioner of Mrs. Bartlett, and paid by him to the plaintiffs in the subrogation proceedings by the administrators of the estate

of William Bartlett, deceased, against plaintiff's brothers and sisters, was paid as the agent and representative of the defendants in that proceeding, to discharge a lien or charge that had been established against their interest in the land sold, and on account of that payment plaintiff's brothers and sisters alone could ask an accounting of plaintiff herein, for the proportion of the lien or charge, which she as tenant in common with them of the land sold should have paid, to relieve their common property of a debt to which plaintiff's interest in the property was as liable as that of her brothers and sisters, had the plaintiffs in the original subrogation proceeding sought to so establish it against that interest.

Not only is this so, but if it could be said that Mrs. Bartlett was in anywise concerned with the ultimate disposition of that fund in the hands of the commissioners (as she was not), that fund so used by the commissioner was in fact used by him in the extinguishment of the subrogated claim of the administrators, which had been established as a charge against the interest of plaintiff's brothers and sisters in the land sold.

So that Mrs. Bartlett got, as a result of that sale and the commissioner's deed issued to her on account of that proceeding, not only the interest of plaintiff's brothers and sisters in the land, but she got it freed from all claims to which it had been liable on account of debts and obligations of their deceased father, William Bartlett, through whom they acquired the land by inheritance.

As Mrs. Bartlett, through whom alone defendants have acquired all their rights to the land in controversy, did no act to entitle her to invoke the application of the doctrine of subrogation now sought, it follows that it should be denied to defendant.

The judgment of the trial court is therefore reversed in so far as it decrees that any sum is established as an equitable lien on the one-fourth interest of plaintiff in the land in controversy, and that the payment of said sum by plaintiff to defendant is de-

clared a condition precedent to plaintiff's right to recover, and the cause is remanded, that an unconditional judgment for plaintiff be entered.   All concur.